CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2019 DEC -2 PM 1:25
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| CASSIE HURTADO, JOSHUA RENDON, JOHN HURTADO, as Next Friend to C.H., A Minor Child; JEREMY LEE, as Next Friend of J.L.; and JOSEPH BOYLES<br><br>*Plaintiffs,*<br><br>vs.<br><br>KIA MOTORS AMERICA, INC. and KIA MOTORS CORPORATION,<br><br>*Defendants.* | § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:18-CV-00006 |

## ORDER APPROVING MINOR SETTLEMENTS AND FINAL JUDGMENT

On this day came on to be heard all claims of all Plaintiffs in this lawsuit against Defendants Kia Motors America, Inc. ("KMA") and Kia Motors Corporation ("KMC") in the above-styled case for final adjudication as to all such claims asserted against KMA and KMC. The full names of the parties to this Order Approving Minor Settlements and Final Judgment are as follows:

Plaintiffs:
- Cassandra Hurtado, Individually
- Jonathan Hurtado as next friend of C.H. a minor child
- Jeremy Lee as next friend of J.L., a minor child
- Joshua Rendon, Individually
- Joseph Boyles, Individually

Defendants:
- Kia Motors America, Inc. ("KMA")
- Kia Motors Corporation ("KMC")

Plaintiffs and Defendants shall be collectively referred to as "the Parties."

Plaintiffs, KMA and KMC agree that they have reached a compromised settlement

#158298

agreement, and that under the confidential terms of the settlements between Plaintiffs, KMA and KMC, Plaintiffs would receive the amounts as expressly set forth in the two Confidential Settlement Agreement and Releases (hereinafter collectively referred to as "Settlement Agreements" executed by Plaintiffs and Paul Stipanovic, Guardian *Ad Litem* for the minor children C.H. and J.L.

The sums (payments inclusive of the periodic payments as fully described and agreed upon and set forth in the Settlement Agreements hereinafter referred to as "Settlement Sums") fully settle all claims, demands and causes of action, whether unknown or known, that have been or could have been brought in this case against KMA and KMC, including all claims for injuries and damages alleged by Plaintiffs against KMA and KMC as a result of the July 14, 2017 incident made the basis of this lawsuit. Plaintiffs, KMA and KMC announced that the compromise settlements were made on disputed claims involving contested issues of fact and law. KMA and KMC deny any and all liability to Plaintiffs.

The Court considered the recommendation of the Guardian *Ad Litem* and found that the settlements are fair and in the best interest of C.H. and J.L., minor children.

The Parties have agreed that the settlement amounts, terms and conditions are confidential; therefore, the amounts paid by or on behalf of KMA and KMC to Plaintiffs and the terms of the settlements are not recited in this Order Approving Minor Settlements and Final Judgment, but the amount of all Settlement Sums have been fully described to and reviewed by the Court *in camera* and the Guardian *Ad Litem* for C.H. and J.L., minor children, and are stated in the Settlement Agreements for C.H. and J.L. Structured settlement annuity contracts will be funded to pay the periodic payments for the benefit of minors C.H. and J.L. as more fully

#158298

described in the Settlement Agreements. The Court considered the settlements in total and approved the settlements.

As outlined in the Settlement Agreements, KMA and KMC will pay or cause to be paid, the periodic payments. The obligation to make the periodic payments for the benefit of, and payable to, J.L. will be transferred, via a Qualified Assignment, within the meaning of Section 130(c) of the Internal Revenue Code, to Pacific Life & Annuity Services, Inc., and the obligation to make the periodic payments for the benefit of, and payable to, C.H. will be transferred, via Qualified Assignment, within the meaning of Section 130(c) of the Internal Revenue Code, to MetLife Assignment Company, Inc. KMA and KMC, themselves or through Pacific Life & Annuity Services, Inc., and MetLife Assignment Company, Inc., , will fund the liability to make the periodic payments through the purchase of "qualified funding assets" within the meaning of Section 130(d) of the Internal Revenue Code, as amended, in the form of annuity contracts from Pacific Life Insurance Company, and Metropolitan Tower Life Insurance Company.

All sums paid constitute damages on account of personal physical injuries, or physical sickness, arising from an occurrence, within the meaning of Section 104(a) (2) of the Internal Revenue Code of 1986, as amended.

THE COURT MAKES THE FOLLOWING FINDINGS AND ORDERS AS FOLLOWS:

IT IS ORDERED, ADJUDGED, and DECREED that the Settlement Sums should be apportioned under the terms and conditions of the Settlement Agreements which were signed by Plaintiffs and reviewed by the Court *in-camera*. The Court also finds that the distributions for attorney's fees and expenses to be fair and reasonable.

#158298

IT IS ORDERED, ADJUDGED, and DECREED that the settlements entered into between the Plaintiffs and KMA and KMC, and the Settlement Sums agreed upon as a compromise settlement figure in this action between the Plaintiffs, KMA and KMC are fair and equitable and in the best interest of C.H. and J.L., minor children and the settlements and Settlement Agreements are in all things APPROVED.

It is further ORDERED, ADJUDGED, and DECREED that the rights to receive periodic payments granted to C.H. and L.J. may not be accelerated, deferred, increased or decreased by the Plaintiffs, any minor's representative, or any Payee. No Plaintiff, minor's representative, or Payee shall have the power, either directly or indirectly, to sell, pledge, hypothecate, mortgage, transfer, encumber, or anticipate the payments, in whole or part, by assignment or otherwise, unless approved, in advance in a "Qualified Order" as defined in Section 5891(b) (2) of the Internal Revenue Code, and unless prior approval has been obtained from the then-sitting Judge of this Court, as evidenced by an Order approving such transaction entered after compliance with all requirements of the Structured Settlement Protection Act, Section 141.001, Texas Civil Practice and Remedies Code, as it now exists or may hereafter be amended, or any successor to such statute. Further, prior to any sale, transfer, hypothecation, pledge or other alienation, the then-sitting Judge of this Court must be presented with three (3) quotes from three (3) totally independent companies. A quote is defined as the amount of money that the purchaser is willing to pay the annuitant/payee for the right of the purchaser to receive the specified future Periodic Payments. Any purported or attempted sale, transfer, hypothecation, pledge, or other alienation of such payments rights that has not been so approved will be a direct violation of this Order.

It is further ORDERED, ADJUDGED, and DECREED that Guardian *Ad Litem* fees are awarded in the amount of $ 7,008.00 to be taxed against KIA MOTORS America Inc. and KIA MOTORS Corporation.

#158298

It is further ORDERED, ADJUDGED, and DECREED that each party shall bear its own Court costs.

It is further ORDERED, ADJUDGED, and DECREED that the Plaintiffs and their counsel will satisfy all liens arising out of the damages sustained by the Plaintiffs with settlement proceeds. It is further ORDERED, ADJUDGED, and DECREED that all relief requested, or which could have been requested in this case by Cassandra Hurtado, Jonathan Hurtado as Next Friend of C.H., a minor child, Jeremy Lee as Next Friend of J.L., a minor child, Joshua Rendon, and Joseph Boyles against KMA and KMC, not specifically granted herein, is DENIED.

IT IS FURTHER ORDERED that all claims that were or could have been asserted in this case, which arose out of the incident made the basis of this lawsuit, by Cassandra Hurtado, Jonathan Hurtado as Next Friend of C.H., a minor child, Jeremy Lee as Next Friend of J.L., a minor child, Joshua Rendon, and Joseph Boyles, against KMA and KMC are hereby DISMISSED WITH PREJUDICE; and that Plaintiffs' claims asserted or which could have been asserted against KMA and KMC, which arose out of the incident made the basis of this lawsuit, are fully satisfied in all respects, and that no execution or other process shall ever issue against KMA and KMC arising out of the incident made the basis of this lawsuit and that KMA and KMC are fully and finally released.

It is further ORDERED, ADJUDGED AND DECREED that this Order and Final Judgment fully and finally disposes of all claims of Cassandra Hurtado, Jonathan Hurtado as Next Friend of C.H., a minor child, Jeremy Lee as Next Friend of J.L., a minor child, Joshua Rendon and Joseph Boyles against KMA and KMC in this lawsuit.

Signed this 2nd day of December, 2019.

#158298

_____
SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT
JUDGE

AGREED:

_____
David M. Prichard
State Bar No.: 16317900
Email: dprichard@prichardyoungllp.com
Attorney-in-Charge
Daniela Gonzales Aldape
State Bar No.: 24036651
Email: daldape@prichardyoungllp.com
Kerry Di Gioia
State Bar No. 24045781
kdigioia@prichardyoungllp.com
PRICHARD YOUNG LLP
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 477-7400
Fax: (210) 477-7450
**ATTORNEYS FOR DEFENDANTS KIA MOTORS AMERICA INC. AND KIA MOTORS CORPORATION**

_____
E. Todd Tracy
Email: etoddtracy@vehiclesafetyfirm.com
Andrew G. Counts
Email: acounts@vehiclesafetyfirm.com
The TRACY Firm
4701 Bengal Street
Dallas, TX 75235
Telephone: (214) 324-9000
Fax: (972) 387-2205
- and -
Juan C. Hernandez
State Bar No. 240022470
8111 LBJ Freeway, Suite 1065
Dallas, TX 75251
Telephone: (214) 900-0000
Fax: (972) 235-4454
**ATTORNEYS FOR PLAINTIFFS**

**Agreed as to Form Only:**

_____
Paul D. Stipanovic
Email: pstipanovic@ghtxlaw.com
State Bar No. 00795669
2 South Koenigheim St.
San Angelo, Texas 76902
Telephone: (325) 653-3291
Fax: (325) 655-6838
***GUARDIAN AD LITEM FOR C.H. and J.L, MINOR CHILDREN***

#158298